RECEIVED
AUG 2 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LINDA D. SENEGAL | CIVIL ACTION NO. 07-0521 |
| VS. | JUDGE DOHERTY |
| LAURA G. BALTHAZAR<br>ARTHUR LEE HARRIS<br>SPENCER GALLOW<br>HOWARD ZERANGUE, SR.<br>CINDY HAWKINS<br>SHERIFF OF ST. LANDRY PARISH | MAGISTRATE JUDGE METHVIN |

### HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, plaintiff has sued defendants Laura G. Balthazar, Arthur Lee Harris, Spencer Gallow, and Cindy Hawkins in both their official and individual capacities. In their answer, the aforementioned defendants plead the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff's complaint alleges a violation of her civil rights based upon the following alleged facts: On March 17, 2006, plaintiff was in her backyard when she noticed that her neighbor, Marcus Anderson, was planting stakes on his property line for the purpose of erecting a fence on his property; that she requested that Mr. Anderson make sure that the stakes were placed inside the property line on his side of the property so that they would not be partially on

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

2

plaintiff's property; that Mr. Anderson subsequently called the St. Landry Parish Sheriff's Office and reported that he was "having trouble" with plaintiff; that defendants Harris and Gallow were ordered by defendant Balthazar to arrest plaintiff; that Harris and Gallow then arrested plaintiff by tackling her to the ground and getting on top of her, resulting in injuries to plaintiff's neck, upper right shoulder, right rib cage, and right leg; that plaintiff was transported to the St. Landry Parish Jail, where she was booked, strip-searched, forced to shower and de-lice, and denied medical care; that she was released the next day after posting bond, only to be re-arrested that same day by defendant Hawkins and returned to the jail, from which she was released later that day. Plaintiff alleges that she was wrongfully charged with aggravated assault, resisting an officer, and two counts of battery on a police officer.

Considering the foregoing, the undersigned concludes that plaintiff has "supported [her] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is

3

necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[2]

Signed at Lafayette, Louisiana on August _____, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE:
BY:
TO:

---

[2] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.